**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| MARY HITCHCOCK MEMORIAL HOSPITAL;<br><br>*Plaintiff,*<br><br>v.<br><br>ELI LILLY AND COMPANY;<br><br>*Defendant.* | Civil Case No. 1:26-cv-00616 |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Fed. R. Civ. P. 65, Plaintiff Mary Hitchcock Memorial Hospital ("**Plaintiff**" or "**MHMH**"), by and through counsel, Nixon Peabody LLP, respectfully move this Court for entry of a preliminary injunction against Defendant Eli Lilly & Company ("**Defendant**" or "**Lilly**").

1. MHMH is a rural New Hampshire not-for-profit corporation and healthcare charitable trust that provides medical care across New England. In connection with providing excellent healthcare across the state, MHMH is a registered "Covered Entity" as defined under 42 U.S.C. § 256b(a)(4), operates a state-of-the-art accredited children's hospital, known as Dartmouth Health Children's, the Dartmouth Cancer Center (one of only 58 National Cancer Institute-designated comprehensive cancer centers in the United States and the only one in New Hampshire), and New Hampshire's only Level 1 trauma center.

2. Lilly is the nation's largest drug manufacturer with a market capitalization of over one trillion dollars.

3. On July 2, 2026, Lilly cut off MHMH's access to the statutorily guaranteed 340B

"Ceiling Price" in retaliation for MHMH's refusal to capitulate to Lilly's unlawful demand for confidential claim-level data. In January 2026, Lilly instituted an unprecedented policy (the "**Policy**") requiring Covered Entities like MHMH to submit detailed claim-level data for all of their 340B purchases of Lilly's drug products through a third-party web platform unilaterally chosen by Lilly ("**340B ESP**"). Use of 340B ESP requires MHMH to agree to 340B ESP's owners' and their affiliates' non-negotiable and unconscionable terms of use (the "**Terms**"). The Policy coercively conditions access to the Ceiling Price on the surrender of data to Lilly who then may, according to 340B ESP's unilaterally imposed Terms and Lilly's own status as a third-party beneficiary of the same, improperly monetize the data for commercial purposes at MHMH's expense.

4. Since July 2, 2026, MHMH has been and is being forced to pay full commercial price for medications it has no choice but to dispense, and millions of dollars are being wrongfully diverted to Lilly's pockets. Because Lilly holds the exclusive patent for several drugs MHMH dispenses to its patients, MHMH is forced to pay full commercial price for medications its patients rely on. This harm is ongoing and such wrongful diversion of resources could result in the secession of service lines that will have a detrimental impact on MHMH's patient population and local community. That is precisely the type of harm a preliminary injunction is meant to stop.

5. As more fully explained in the Memorandum in Support, MHMH is likely to succeed on the merits of Counts I-V of its Complaint. *First*, Lilly's conduct is a *per se* violation of Vermont law, 18 V.S.A. § 4682, which expressly prohibits manufacturers from conditioning access to 340B pricing on the submission of claims data, just as Lilly has done here. *Second*, Lilly has engaged in unfair and deceptive conduct in violation of New Hampshire's Consumer Protection Act, RSA 358-A, under one or more of the specifically enumerated categories of

unlawful conduct set forth in RSA 358-A:2, as well as under the rascality test. *Third*, by unlawfully mandating the disclosure of claims data and then ceasing to provide MHMH the 340B Ceiling Price, Lilly has materially breached its contractual obligations and promises to MHMH. Relatedly, Lilly's conduct also constitutes breach of the implied covenant of good faith and fair dealing present in every contract under New Hampshire law. *Finally*, allowing Lilly to obtain substantial monetary benefits from its participation in the Medicare Part B and Medicaid programs without observing the requirements of the 340B Program, and conferring further financial benefits to Lilly through its coercive conduct towards MHMH, would be inequitable and unconscionable, supporting MHMH's claim for unjust enrichment.

6. MHMH will suffer immediate and irreparable harm if the Court does not grant Plaintiff's Motion. Diversion of funds away from New Hampshire's only Level 1 trauma center, its only accredited children's hospital, and one of only 58 NCI-designated comprehensive cancer centers threatens to necessitate the secession of service lines—uncompensated care, rural health services, oncology programs, behavioral health treatment, pediatrics services, pharmacy services, and other essential programs that would otherwise be difficult or impossible to sustain without the 340B Program—detrimentally impacting MHMH's vulnerable patient population and local community.

7. The balance of the equities favors entry of an injunction. MHMH is a Medicaid "disproportionate share hospital" in a rural area serving the nation's most vulnerable patient populations. As Congress intended, MHMH uses savings from the 340B Program to benefit its patients and offer them a wider range of medical services than it would otherwise be able to provide. Conversely, Lilly will not be deprived of any rights if an injunction is issued given that it already possesses statutory audit rights to ensure the "transparency" it claims justifies the Policy.

8. Finally, no bond is required pursuant to Fed. R. Civ. P. 65(c) because this case involves enforcement of public interests arising out of health and welfare statutes.

9. Pursuant to L.R. 7.1(a)(2), a memorandum of law in support of the motion for preliminary injunction is attached hereto.

10. Pursuant to L.R. 65.1, a proposed order is attached hereto.

11. In further support of the motion for preliminary injunction, MHMH submits the Declaration of Keith B. Thomasset, the Dartmouth Health Chief Pharmacy Officer and the MHMH 340B Authorizing Official, which is attached hereto with accompanying exhibits.

WHEREFORE, MHMH respectfully requests that this Court:

A. Following notice to Defendant, conduct a hearing on this motion for preliminary injunction;

B. Grant MHMH's motion for preliminary injunction;

C. Enter the proposed order submitted herewith;

D. Grant such further relief as may be just and reasonable.

Dated: July 27, 2026

Respectfully submitted,

**MARY HITCHCOCK MEMORIAL HOSPITAL**

By its attorneys,

By: */s/ Morgan C. Nighan*

Morgan C. Nighan (Bar No. 21196)
NIXON PEABODY LLP
Exchange Place, 53 State Street
Boston, MA 02109
(617) 345-1031
mnighan@nixonpeabody.com

Nathan P. Warecki (Bar No. 20503)
Jonathan D. O'Neil (Bar No. 276336)
NIXON PEABODY LLP
900 Elm Street, 14th Floor
Manchester, NH 03101
(603) 628-4000
nwarecki@nixonpeabody.com
joneil@nixonpeabody.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2026, I electronically filed the foregoing document with the United States District Court for the District of New Hampshire by using the CM/ECF system. I certify that the parties or their counsel of record registered as ECF Filers will be served by the CM/ECF system, and paper copies will be sent to Defendant's registered agent via first class mail.

*/s/ Morgan C. Nighan*
Morgan C. Nighan, Esq.