**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| MARY HITCHCOCK MEMORIAL HOSPITAL;<br><br>*Plaintiff,*<br><br>v.<br><br>ELI LILLY AND COMPANY;<br><br>*Defendant.* | Civil Case No. 1:26-cv-00616 |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S**
**MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Mary Hitchcock Memorial Hospital ("MHMH") brings this action against Defendant Eli Lilly and Company ("Defendant") seeking a preliminary injunction to prevent Defendant from imposing terms and conditions on discounted drug pricing it is required to offer Covered Entities like MHMH under the 340B Drug Pricing Program, 42 U.S.C. § 256b (the "340B Program"). (Index #____.) Presently before the Court is MHMH's motion for preliminary injunction. (Index #____.)

Upon review of MHMH's motion for preliminary injunction, the accompanying memorandum of law, and the supporting Declaration of Keith B. Thomasset, Defendant's opposition, and having heard oral argument on the same, the Court finds that MHMH has demonstrated a likelihood of success on the merits as to each count asserted and that irreparable harm would result to MHMH absent entry of this Order.

**THEREFORE**, MHMH's motion for preliminary injunction is **GRANTED** in its entirety. The Court hereby Orders that Defendant, its officers, agents, employees, and all persons acting at

Defendant's direction are hereby enjoined from:

1. Denying MHMH access to the statutory 340B "Ceiling Price" on eligible 340B covered outpatient drugs—whether purchased directly from Defendant or through the wholesalers from which MHMH purchases Defendant's drugs—and whether administered or dispensed by MHMH or dispensed on behalf of MHMH by a contract pharmacy;
2. Imposing claims-level data submission requirements such as those required by Defendant's policy announced in January 2026, or any other conditions on MHMH's access to the statutory 340B "Ceiling Price" that are not expressly authorized by 42 U.S.C. § 256b;
3. Denying, restricting, prohibiting, or otherwise interfering with the acquisition and delivery of 340B drugs to MHMH and/or its contract pharmacies on MHMH's behalf, and
4. Interfering with the ability of MHMH and/or its contract pharmacies to dispense 340B drugs to MHMH's eligible patients.

**IT IS FURTHER ORDERED**, that Defendant disgorge the monies it has obtained since July 2, 2026, through the date of this Order, as a result of charging MHMH for drug products above the 340B Ceiling Price. Specifically, Defendant is to return to MHMH the difference between the drug price charged for 340B eligible claims and the Ceiling Price for all of MHMH and its Contract Pharmacies' 340B eligible dispenses and/or administrations from July 2, 2026 through the date of this Order.

**IT IS FURTHER ORDERED**, that for the reasons stated in MHMH's Motion and in accordance with the authority cited therein, MHMH is not required to post a bond in connection

with this Order.

**SO ORDERED.**

Date: ______________________________

United States District Judge