# EXHIBIT 9

Docusign Envelope ID: A6CCA016-964E-81DB-83FD-EBB2D4C84C5C


Dartmouth Health

Mary Hitchcock Memorial Hospital
Pharmacy Division

July 2, 2026

Derek Asay
Senior Vice President
Government Strategy and Federal Accounts
Eli Lilly and Company

*Via email to 340B@lilly.com*

Re: Refusal To Offer 340B Ceiling Price; Failure to Respond To May 18 Email; Failure to Respond to June 24, 2026 Letter

Dear Mr. Asay:

On June 1, 2026, Mary Hitchcock Memorial Hospital ("MHMH") received Eli Lilly and Company's ("Lilly") "final notice" wherein it wrongfully threatened to no longer offer the 340B ceiling price to MHMH as a covered entity. Today, we learned that Lilly has made good on its threats and instructed at least one wholesaler to wrongfully deny MHMH of 340B pricing. As a 340B covered entity providing healthcare services to the most vulnerable and sick Americans, MHMH is lawfully qualified and eligible for 340B pricing and Lilly's conduct runs afoul of numerous contractual provisions, legal requirements, and ethical principles.

MHMH is concerned and shocked that Lilly would interfere with MHMH's contractual relationships with its wholesalers and cease offering 340B pricing when it was MHMH's understanding that there was an ongoing conversation and interactive process between MHMH and Lilly to better understand the terms of Lilly's "offer" including but not limited to the new unilaterally imposed 340B pricing conditions.

More specifically, MHMH has requested additional information to better understand and evaluate Lilly's new unilaterally imposed conditions. Since May 8, 2026, MHMH has requested two crucial pieces of information: (1) whether outpatient administrations were in-scope for the demand; and (2) what specific data elements were being demanded separated by encounter type. To date, Lilly has not provided this basic information without which MHMH is unable to properly evaluate the "offer."

On May 18th, 2026, Lilly only stated that the issue would be escalated for "review" but Lilly either has not done so or has not communicated the results of that "review" to MHMH. It seems that instead of further dialogue, and despite MHMH's readiness to further confer once it received the basic information requested, Lilly has unilaterally elected to dispense with further explanation or conference. Suffice it to say, MHMH objects to Lilly's attempts to use its market position to strong arm MHMH into compliance with its out of the ordinary and non-industry standard terms. Lilly's failure to engage or answer reasonable requests for information indicates that the "offer" is not in fact bonafide.

Moreover, these conditions if implemented would impose a crippling operational burden on MHMH such that the effective price being offered is far beyond the ceiling price.

Be advised that MHMH objects to this condition as not only unlawful under the 340B pricing laws (42 U.S.C. § 256b etc.) but also as a per se violation of Vermont law. As you are aware, Vermont law provides that "A manufacturer or its agent shall not directly or indirectly require a 340B covered entity to submit any claims, utilization, encounter, purchase, or other data as a condition for allowing the acquisition of a 340B drug by or

delivery of a 340B drug to a 340B contract pharmacy." 18 V.S.A. § 4682. As a covered entity that services Vermont residents, and holds contract pharmacy agreements with Vermont-licensed pharmacies, Lilly's claims data condition on MHMH is in violation of this prohibition. Per this statute, each claim constitutes an independent violation to which MHMH is entitled to "**injunctive relief, compensatory and punitive damages, costs and reasonable attorney's fees, and other appropriate relief**." 18 V.S.A. § 4684.

Further, Lilly's conduct by instructing wholesalers unlawfully interferes with MHMH's agreements with those entities. Lilly must cease and desist from directing wholesalers to wrongfully and intentionally violate the laws cited above (among others).

Moreover, as MHMH has previously explained, the data Lilly requests is confidential protected patient health information and Lilly has not provided proper assurances that it (or its unilaterally chosen agent / third-party vendor) will treat such information (if transmitted) in the manner required by law.

Lilly's continued refusal to offer 340B pricing and/or impose unlawful unilateral conditions on the same is improper and causing damage to MHMH. Disruption to MHMH's access to 340B pricing threatens its financial stability and undermines access to care for underserved communities – which is the objective of the 340B program.

***

Accordingly, MHMH demands as follows:

> *First*, that Lilly immediately offer MHMH access to 340B pricing through all its respective wholesalers;
>
> *Second*, that Lilly provide sufficient information (as requested previously) for MHMH to fully understand the terms of Lilly's newly imposed conditions.

If we do not receive a response from you by the end of the day Monday, July 6, 2026, we will have no choice but to assume Lilly has knowingly and intentionally made 340B pricing of its covered outpatient drugs unavailable to MHMH and is declining to engage meaningfully on MHMH's legitimate questions regarding the terms of Lilly's "offer."

This letter is not intended to nor should it be considered to be a full recitation of the relevant facts and circumstances. MHMH expressly reserves all rights and waives none.

Best,

Signed by:
Keith Thomasset
F515B4506FC1410...

Keith B. Thomasset
Chief Pharmacy Officer
340B Authorizing Official
Mary Hitchcock Memorial Hospital

CC: Daniel Fontaine, Mary Hitchcock Memorial Hospital 340B Primary Contact